ALTAY SAYGIN KOSTEM AND SOON JA KOSTEM, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kostem v. Commissioner
Docket No. 14549-91
United States Tax Court
T.C. Memo 1992-397; 1992 Tax Ct. Memo LEXIS 419; 64 T.C.M. (CCH) 159; July 15, 1992, Filed *419 An order will be entered granting respondent's motion to dismiss for lack of jurisdiction for failure to timely file a petition. COLVIN
COLVIN
MEMORANDUM OPINION COLVIN, Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction because the petition in this proceeding was not filed within 90 days after the mailing of the notice of deficiency. All section references are to the Internal Revenue Code in effect for the years in issue. Background
Petitioners resided in Wilmington, Delaware, when the petition was filed. On June 1, 1989, petitioners executed Form 2848 providing a power of attorney in favor of Daniel W. Chung and requesting that copies of all notices and all other written communications be sent to him. Petitioners provided the power of attorney because they do not read or write English. On October 11, 1990, respondent sent a notice of deficiency by certified mail to petitioners at their last known address: 1209 Faun Road, Wilmington, Delaware 19803-3316. A copy was not sent to Daniel W. Chung. The parties agree that the notice of deficiency was sent to petitioners at their last known address. Petitioners did not act on *420 the deficiency notice, in part, because they did not understand what the notice was, and because they believed they had delegated all tax matters through their attorney. The petition was filed by Daniel W. Chung on July 5, 1991, 267 days after the mailing of the notice of deficiency. Discussion
Petitioners argue that all notices and copies of any written communications should have been sent to their appointee, as designated by Treasury Form 2848. Petitioners also argue that respondent's failure to send an original notice of deficiency to their attorney invalidates the notice of deficiency or otherwise extends the time to file. We disagree. The Commissioner's failure to send a copy of the notice of deficiency to the taxpayer's attorney pursuant to a request contained in a power of attorney does not extend the time in which the taxpayer must file a petition or invalidate the existence of an otherwise proper notice. ; ; . Here, petitioners concede that the notice of deficiency was *421 sent to them at their last known address. They do not contend that they did not receive the notice of deficiency. We have held deficiency notices to be valid where the Commissioner mailed the original to the taxpayers and mailed a copy to their attorneys pursuant to an executed Form 2848. . The Commissioner's failure to mail a copy of a deficiency notice to the taxpayers' attorney pursuant to a Form 2848 has no bearing on whether the original notice was properly mailed to the taxpayers. . Here, respondent properly mailed a valid deficiency notice to petitioners pursuant to section 6212(a) and (b). Section 6212(a) provides that the Commissioner is authorized to send a notice of deficiency to a taxpayer if a deficiency in income tax is determined. Section 6212(b)(1) provides that mailing a notice of deficiency is sufficient if it is mailed to a taxpayer at his last known address, unless a fiduciary has been substituted for the taxpayer. Petitioners do not argue that a fiduciary has been substituted for them. Section 6213(a) provides that a taxpayer *422 must file a petition in this Court within 90 days after the deficiency notice was mailed. Here, petitioners filed their petition 267 days after the deficiency notice was mailed. Accordingly, An order will be entered granting respondent's motion to dismiss for lack of jurisdiction for failure to timely file a petition.